**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

CHIP W. NIX,

Plaintiff,

v. CASE NO.: 1:24-CV-19 (LAG)

MICHAEL CALLAHAN and JAMES STEINBERG,

Defendants.

## ORDER

Before the Court is the Parties' Joint Motion for Protective Order. (Doc. 28). Therin, the Parties ask the Court to enter a protective order to protect "redacted contact information of former jurors identified in the documents produced by Defendants." (Doc. 28-1 at 1). The Parties represent that "information possessed by the former jurors may be necessary for the prosecution of the claims in his case." (*Id.*).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential . . . and postpone[] the necessary 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court finds a protective order is warranted to facilitate discovery. The Parties Joint Motion for Protective Order (Doc. 28) is **GRANTED**, and the Parties' proposed Consent Protective Order (Doc. 28-1) is hereby **ADOPTED** and made the **ORDER** of the Court.

**SO ORDERED**, this 4th day of August, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**